IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THERESA BRADSHAW, MANDY BRYANT, CHRIS DAGGETT, and PENNY GARTNER, homeless individuals, on behalf of themselves and all other homeless individuals in the Cabin Butte Vegetation Management Project, Deschutes National Forest, and ERIC GARRITY and CHARLES HEMINGWAY, homeless service providers, all self-represented, | Case No. 6:25-cv-00640-MC<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| HOLLY JEWKES, Bend-Fort Rock Ranger District, Deschutes National Forest, JESSICA BOWRON, Acting Director, U.S. National Parks Service, BROOKE ROLLINS, U.S. Secretary of Agriculture, and UNNAMED AND UNKNOWN CONTRACTORS, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiffs are homeless individuals and homeless service providers purporting to represent approximately 150 people camping on public lands for want of housing. Compl. 3–4, ECF No. 1. Proceeding *pro se*, they ask the Court to enjoin Defendants from closing a portion of the Deschutes National Forest called China Hat—a location that has served as Plaintiffs' home for some period

1 – Opinion & Order

of years. *Id.* at 3, 7.

Defendants are National Park Service and National Forest Service officials charged with managing, protecting, and developing the nation's forests, including Deschutes National Forest outside of Bend, Oregon. *Id.* at 3; Decl. of Holly Jewkes 2, ECF No. 13 ("Jewkes Decl."). As part of those efforts, Defendants are overseeing the Cabin Butte Vegetation Management Project. Jewkes Decl. 2. The Project was noticed to the public in May of 2022. Compl. 4–5. Beginning May 1, 2025, the Project will involve the use of machinery and prescribed burns to restore damaged habitat and reduce fire hazards in this fire-prone area. *Id.* at 4; Jewkes Decl. 2. To ensure the safety of all involved, Defendants intend to close a portion of the forest to public access so the Forest Service can fell trees and implement prescribed burns. Compl. 11; Jewkes Decl. 3. The notice of closure occurred in January of 2025. Compl. 8. As noted by Defendants, there has been a significant increase in human-caused fires in the area that "directly correlate[s] with the increase of the long-term homeless population that resides within the project area." Jewkes Decl., Ex. A, at 68, ECF No. 13-1. Between 2020 and 2024, there were 90 human-caused fires in the China Hat area. Jewkes Decl. 4.

Plaintiffs allege that Defendants violated the Administrative Procedure Act ("APA") by failing to comply with the National Environmental Policy Act ("NEPA") and by moving forward with the Project without proper consideration for the houseless individuals.[1] Because Defendants' actions in implementing the project are not arbitrary and capricious, and because Plaintiffs failed

---

[1] Because Plaintiffs are pro se, the Court liberally construes their Complaint "'to do substantial justice.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Fed. R. Civ. P. 8(f)). In doing so, the Court understands Plaintiffs as bringing claims under the Administrative Procedure Act because of their allegations that Defendants' actions were "arbitrary and capricious," Defendants failed to follow the Forest Service Handbook, and Defendants failed to properly consider the "impact on the human environment" under NEPA. Compl. 13, 16, 22; *see City of Sausalito v. O'Neill*, 386 F.3d 1186, 1205 (9th Cir. 2004) ("Because the statutes under which Sausalito seeks to challenge administrative action do not contain separate provisions for judicial review, our review is governed by the APA.") (citations omitted).

to raise objections during the administrative review that led to the Project's approval, Plaintiffs' request for a TRO is DENIED.

## STANDARD

Plaintiffs seeking a preliminary injunction or TRO must establish: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (listing elements for a preliminary injunction); *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) ("The legal standards applicable to TROs and preliminary injunctions are substantially identical.") (internal alterations, quotation marks, and citations omitted). Where a plaintiff cannot show a likelihood of success on the merits, a court may still issue a preliminary injunction if there are "serious questions going to the merits," "the balance of hardships tips *sharply* in the plaintiff's favor," and the other two factors are met. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (internal quotation marks and citations omitted).

## DISCUSSION

As an initial matter, self-represented plaintiffs such as those here may not pursue claims on behalf of other parties not before the Court. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). This determination does not affect these Plaintiffs' ability to seek the relief they desire.

As to the merits, Plaintiffs have not established that they are likely to succeed on the merits of their APA claims, nor have they raised serious questions going toward the merits. Claiming a violation of NEPA, Plaintiffs take issue with steps taken by Defendants in creation of the November 2022 Environmental Assessment ("EA"). Plaintiffs argue that Defendants failed to give sufficient notice of the Project, failed to properly consider the human environment in their EA, and

failed to follow directives in the Forest Service's NEPA Handbook that require the agency to consider "changed circumstances."

Plaintiffs' APA claims do not raise serious questions on the merits for several reasons. First, Plaintiffs did not file timely objections during the administrative process and appear to have waived those objections. 36 C.F.R. § 218.14; *Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 764–65 (2004) (respondents forfeited their objection to an EA because they did not raise it during the notice and comment period). Although Plaintiffs allege that they did not receive adequate notice of the Project, Plaintiffs do not identify any notice requirement that Defendants failed to comply with. *See* 36 C.F.R. §218.7(b), (c) (requiring the Forest Service to provide its final EA and draft NEPA decision "to those who have requested the documents" or who have already commented, and to provide "legal notice of the opportunity to object . . . in the applicable newspaper of record"); Compl. 4–5 (alleging that a classified ad in the Bend Bulletin newspaper was published on or around May 13, 2022 to announce a 30-day comment period and again on November 18, 2022); Jewkes Decl., Ex. A, at 16 ("Notification of the draft EA was available for 30-day public comment starting May 13, 2022, [and] was sent to approximately 700 individuals and organizations soliciting comments."). Although Plaintiffs were not among the 700 individuals who received notice of the draft EA during the agency's scoping process, "no single scoping technique is required or prescribed," so nothing on this record indicates Defendants acted unlawfully. 36 C.F.R. § 220.4(e)(2).

Second, Plaintiffs are unlikely to prove that Defendants were arbitrary and capricious in their analysis of actions "significantly affecting the quality of the human environment" under NEPA. 42 U.S.C. § 4332(C). The EA examined how the Project would affect the China Hat community and local service agencies and provided for outreach strategies to address "public

4 – Opinion & Order

health and safety concerns in the affected areas, while connecting people experiencing homelessness to essential services." Compl., Ex. 3, at 224, ECF No. 1-3. Further, NEPA's zone of interests has long been described as environmental, so the Forest Service was correct to focus on environmental impacts rather than social ones. *Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 940 (9th Cir. 2005). "Solving the problem of homelessness is an important social goal, . . . [but] NEPA is not the proper means for achieving that goal. NEPA was not intended to provide a process for addressing social and economic shortcomings in our society, but to ensure that agencies consider the consequences of their actions on the land, air, water, and other natural resources upon which our society depends." *Morris v. Myers*, 845 F. Supp. 750, 757 (D. Or. 1993).

Finally, Plaintiffs are unlikely to succeed on their claim that Defendants failed to consider "changed circumstances" as provided in the Forest Service Handbook, because the Handbook's guidance is discretionary and does not create binding duties on the agency. *W. Radio Servs. Co. v. Espy*, 79 F.3d 896, 901–02 (9th Cir.1996).

The Court is sympathetic to the circumstances faced by Plaintiffs and the dozens of others who have called China Hat home and will need to employ significant efforts to relocate. As Plaintiffs note, the majority of China Hat residents are not there by choice, but because of personal disabilities, wide-ranging policy choices, and costs of living that are outside of their control. Defendants' apparent compliance with NEPA does not diminish the community's need to provide better support to houseless and disabled people.

Despite Plaintiffs' very real struggles, the balance of equities does not tip sharply in Plaintiffs' favor, nor is an injunction in the public interest. This Project will serve the public by preventing "uncharacteristic large-scale loss of forest habitat" and increasing public and firefighter safety. Jewkes Decl., Ex. A, at 6. The public's significant interest in restoring natural habitats,

preventing catastrophic wildfires, and preserving the overall health of Deschutes National Forest is not outweighed by the interest of 150 or so individuals in residing on this particular plot of land.

## CONCLUSION

Plaintiffs' request for a TRO or preliminary injunction, ECF No. 1, is DENIED.

IT IS SO ORDERED.

DATED this 1st day of May, 2025.

                                                ____s/Michael J. McShane_____
                                                    Michael J. McShane
                                              United States District Judge